# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATHALIA VEGA ORTIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>EQUIFAX INFORMATION SERVICES, LLC.<br><br>    Defendants. | Case No. |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant Equifax Information Services, LLC (hereafter "Equifax") for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq., as amended.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Nathalia Vega Ortiz is an adult individual who resides in the State of Connecticut.

5. Defendant Equifax Information Services, LLC (hereafter "Equifax") is a consumer reporting agency that regularly conducts business in District of Connecticut, and which has a principal place of business located at 1500 Peachtree St, NW, Atlanta, GA 30309.

## FACTUAL ALLEGATIONS

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties from, including but not limited to, March 2021, August 2023 and to the present.

7. The inaccurate information on Plaintiff's credit reports includes, but is not limited to, accounts with Synchrony Bank/Home Design, Citizens One Auto Finance, Bank of America, The Home Depot/Citibank North America, Capital One, GS Loan Services, Thrift Investment, Waterbury CT Teachers Federal Credit Union and personal identifying information that do not belong to Plaintiff but to her twin sister Nathalie Vega Ortiz (hereafter the "inaccurate information").

8. The inaccurate information negatively reflects upon the Plaintiff, the Plaintiff's credit repayment history, the Plaintiff's financial responsibility as a debtor and the Plaintiff's credit worthiness.

9. The inaccurate information consists of inaccurate statements and personal information, including names and social security numbers.

10. Due to Defendant's faulty procedures, Defendant mixed the credit file of Plaintiff Nathalia Vega Ortiz with that of Nathalie Vega Ortiz.

11. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown from at least March 2021, August 2023, and to the present.

12. Plaintiff's credit reports and file have been obtained from Defendant and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate

information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from Defendant by such third parties since, including but not limited to, March 2021, August 2023, and to the present.

13. Plaintiff disputed the inaccurate information by following Defendant's established procedures for disputing consumer credit information since, including but not limited to, March 2021, August 2023, and to the present.

14. Despite Plaintiff's efforts, Defendant did not in a timely manner: (1) contact Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contact all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

15. Notwithstanding Plaintiff's efforts, Defendant failed to correct the inaccurate information and in fact verified the inaccurate information.

16. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of harm to lost credit opportunities, credit defamation and emotional distress, including anxiety, frustration, embarrassment, and humiliation.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

18. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – EQUIFAX
## VIOLATIONS OF THE FCRA

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

21. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

22. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

23. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681i.

24. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

25. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

    (a) Actual damages;

    (b) Statutory damages;

    (c) Punitive damages;

    (d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

    (e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

Sarah Poriss, Esquire
777 Farmington Avenue
West Hartford, CT 06119
T: 860-233-0336
F: 866-424-4880
E: sarah@sarahporiss.com
CT24372

Siobhan E. McGreal*
**Francis Mailman Soumilas, P.C.**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000
smcgreal@consumerlawfirm.com
*Application for admission pro hac vice forthcoming*

Dated: February 13, 2025      ***Attorneys for Plaintiff***